UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| CHAPMAN LUMBER CO., INC., ) | |
| ) | Bankruptcy No. 05-00408 |
| Debtor. ) | |
| ) | |
| QUAD CITY BANK, ) | |
| ) | Adversary No. 06-9115 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNION PLANTERS BANK, ) | |
| ) | |
| Defendant. ) | |

**ORDER RE: MOTION TO DISMISS**

This matter came before the undersigned on December 1, 2006 on Motion to Dismiss for Lack of Standing and Lack of Subject Matter Jurisdiction. Plaintiff Quad City Bank was represented by attorney Clint McCord. Defendant Union Planters Bank was represented by attorney Ray Terpstra. After hearing arguments of counsel, the Court took the matter under advisement.

**STATEMENT OF THE CASE**

Plaintiff filed its adversary complaint in four counts, including assertions of fraudulent transfers under § 544 and 548 and a claim of unjust enrichment. Defendant asserts this proceeding should be dismissed for lack of standing and lack of jurisdiction.

**STATEMENT OF FACTS**

Plaintiff is a major secured creditor in the Chapman Lumber Chapter 7 case. It has filed a claim for over $2.7 million asserting it is secured by real estate, equipment, inventory, vehicles, receivables, etc. In this adversary proceeding, Plaintiff's complaint states it has standing by virtue of the Court's May 31, 2006 Order approving Trustee's assignment to Plaintiff of avoidance actions.

Trustee filed a Motion to Assign Avoidance Actions in Debtor's Chapter 7 case on May 9, 2006. The Court notes that the

Motion was noticed to all creditors and no objections were filed. The Motion states that Trustee has determined that certain transfers by Debtor to various parties may constitute fraudulent conveyances pursuant to 11 U.S.C. § 548 or § 544. It proposes that Trustee assign these causes of action to Plaintiff. In re Chapman Lumber Co., No. 05-00408, Doc. 177, at p.2. In return for assignment of the claims, Plaintiff agreed to pay the bankruptcy estate 10 percent of the gross recovery obtained from each assigned claim or action. Id. The Court approved the Motion by Order entered May 31, 2006.

Plaintiff filed the complaint in this proceeding on June 21, 2006. Count I seeks to avoid a transfer from Debtor to Defendant under § 548. Counts II and III seek to avoid transfers under § 544(a) through application of Iowa Code sections 685.5, 684.5 and 684.7. Count IV asserts unjust enrichment from Defendant's control over "assets of the debtor that rightfully belong to Plaintiff."

## STANDING

This Court has considered arguments similar to Defendant's in another adversary case initiated by Quad City Bank on March 9, 2006, Adv. No. 06-9868. The Court found the Bank did not have standing to pursue avoidance actions under §§ 544 or 548, in part because it did not seek prior Court permission to pursue an avoidance action through derivative standing. In re Chapman Lumber Co., 343 B.R. 217, 221 (Bankr. N.D. Iowa 2006). The Court noted that the May 31, 2006 Order approving Trustee's assignment of claims did not constitute prior Court permission to assert Trustee's avoidance claims in that adversary proceeding. Id. at 221 n.1.

In contrast, Plaintiff initiated this adversary proceeding after the Court approved Trustee's Motion to Assign Avoidance Actions. This is the type of permission lacking in the previous Chapman Lumber ruling on standing.

Generally, individual creditors of a bankruptcy estate do not have standing to assert claims of voidable transfers. In re Lauer, 98 F.3d 378, 388 (8th Cir. 1996) (considering § 548); Nebraska State Bank v. Jones, 846 F.2d 477, 478 (8th Cir. 1988) (considering § 544). Although the Eighth Circuit has not expressly ruled on the issue, many courts have allowed individual creditors to bring avoidance actions derivatively. See Preferences and Fraudulent Transfers, 887 PLI/Comm 479, 521 (2006). One bankruptcy court in this Circuit has held that the Eighth Circuit Court of Appeals would hold that derivative

standing is available when a trustee is unwilling to pursue claims on behalf of the estate.  In re Newcorn Enterprises Ltd., 287 B.R. 744, 749-50 (Bankr. E.D. Mo. 2002); see also Chapman Lumber, 343 B.R. at 220-21 (discussing derivative standing).

   In this proceeding, Plaintiff received the consent of Trustee and approval of the Court before filing its adversary complaint. Trustee's Motion for approval states that assigning the avoidance claims to Plaintiff will produce more benefit to the estate. Notice of the Motion to assign the avoidance actions went to all creditors and no objections were filed.  The Court concludes that Plaintiff has standing to pursue the avoidance claims in Counts I, II and III against Defendant pursuant to the Court-approved assignment from Trustee.  Plaintiff also has standing to assert the unjust enrichment claim in Count IV based on its secured claim.

## CORE AND "RELATED TO" JURISDICTION

   Bankruptcy courts are authorized to hear "all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11."  28 U.S.C. § 157(b)(1).  The bankruptcy judge shall determine whether a proceeding is a "core" proceeding under § 157(b), or whether a proceeding is "related to" a case under Title 11.  28 U.S.C. § 157(b)(3).  Bankruptcy courts are not authorized to entertain cases involving noncore, unrelated matters.

> In general, a core proceeding is a legal dispute between parties in interest to a bankruptcy case, one of whom is almost always the debtor.  Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside a bankruptcy, although they may be related to a bankruptcy.

In re Farmland Industries, Inc., 296 B.R. 793, 802 (B.A.P. 8th Cir. 2003) (citations omitted).

   Core proceedings are those which arise only in bankruptcy or involve a right created by federal bankruptcy law.  Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773 (8th Cir. 1995).  Included in the enumerated types of core proceedings in 28 U.S.C. § 157(b)(2)(H) are "proceedings to determine, avoid or recover fraudulent conveyances."

   For courts to assert jurisdiction over a proceeding "related to" a bankruptcy case, the proceeding must have some conceivable

effect on the administration of the debtor's estate.  <u>Specialty Mills, Inc.</u>, 51 F.3d at 774.  Possible effects include any matter that could alter the debtor's rights or liabilities and which in any way impacts upon the handling and administration of the bankruptcy estate.  <u>Integrated Health Servs. v. THCI Co.</u>, 417 F.3d 953, 958 (8th Cir. 2005).  For example, in <u>Commerce Bank, N.A. v. Tifton Aluminum Co.</u>, 217 B.R. 798, 800 (W.D. Mo. 1997), the court found the bankruptcy court had "related to" jurisdiction over an action to determine rights in monies paid to one creditor out of the debtor's accounts receivable which were secured to a second creditor.

## CONCLUSIONS

Plaintiff has standing to avoid transfers pursuant to the Court-approved assignment of avoidance actions by Trustee.  The Court has core jurisdiction over Counts I, II and III, which assert the trustee's rights under § 544 and § 548.  Further, the Court has "related to" jurisdiction over the unjust enrichment claim set out in Count IV.

**WHEREFORE**, Defendant's Motion to Dismiss for Lack of Standing and Lack of Subject Matter Jurisdiction is DENIED.

DATED AND ENTERED: December 11, 2006

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

4